CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
12/10/2025
LAURA A. AUSTIN, CLERK
BY: s/K. Lokey
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| Roya Behnam, ) | | |
|     Plaintiff, ) | Civil Action No. 3:25-cv-00005 | |
| ) | | |
| v. ) | MEMORANDUM OPINION & ORDER | |
| ) | | |
| Foundation Radiology Group, P.C. & ) | By:    Joel C. Hoppe | |
| Derek R. Armfield, M.D., ) |         United States Magistrate Judge | |
|     Defendants. ) | | |

In July 2025, Roya Behnam filed an Amended Complaint alleging that Foundation Radiology Group, P.C., and Derek R. Armfield, M.D., acted negligently when providing medical care to Behnam on August 6, 2023. *See* Am. Compl. ¶¶ 1–7, 39–46, ECF No. 21. The matter is now before the Court on Armfield's Motion to Transfer Venue within this judicial district. ECF No. 23. Armfield argues that venue is improper in the Charlottesville Division and that this case must therefore be transferred to the Harrisonburg Division, where venue is proper. The motion has been fully briefed, ECF Nos. 24, 25, 26, and neither party requested a hearing, W.D. Va. Civ. R. 11(b). For the reasons explained below, the Court **GRANTS** Armfield's motion, ECF No. 23, and transfers this case to the Harrisonburg Division for any in-person hearings and trial.

            I.      The Legal Framework

Venue is the concept that "there is a particular court or courts in which an action should be brought." 14D Charles Alan Wright et al., *Fed. Prac. & Proc. Juris.* § 3802 (4th ed. 2025). The statutory requirements for venue are set out in 28 U.S.C. § 1391. This section generally "govern[s] the venue of all civil actions brought in district courts of the United States." *See* 28 U.S.C. § 1391(a)(1). Subsection (b) sets out "three categories" where "venue is proper." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013); *see* 28

1

U.S.C. § 1391(b) (providing that a "civil action may be brought in" these venues). Those categories are:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). Venue can be proper in more than one judicial district. *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (citing 28 U.S.C. § 1391(b)). If the district in which a case was brought does not fall into one of § 1391(b)'s categories, however, then "venue is improper" there and "the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine Constr. Co.*, 571 U.S. at 56. Additionally, our Court's Local Rules require that "[c]ivil actions for which venue is proper in this district must be brought in the proper division as well." W.D. Va. Gen R. 2(b). To determine the division(s) where venue is proper, statutory "venue rules are construed as if the terms 'judicial district' and 'district' were replaced with the word 'division.'" *Id.*

\*

Behnam's Amended Complaint asserts a single negligence claim against Defendants. The parties agree venue is proper in the Western District of Virginia because "a substantial part of the events or omissions giving rise to th[is] claim occurred" here. 28 U.S.C. § 1391(b)(2). They disagree whether § 1391(b)(2) and Local Rule 2(b) allowed Behnam to file suit in the Charlottesville Division. Behnam alleges venue is proper because "a substantial part of the events giving rise to the claim occurred in the County of Albemarle," Am. Compl. ¶ 13, which is part of the Charlottesville Division. *See* W.D. Va. Gen. R. 2(a)(2). Armfield argues that "[t]he only basis for venue (*i.e.*, division) in this case is where events or omissions giving rise to this

2

claim arose which all occurred in Augusta County, a part of the Harrisonburg Division." Def.'s Br. in Supp. 1 (citing W.D. Va. Gen. R. 2(a)(3)).

For venue to properly lie in the Charlottesville Division, Behnam now must "make a prima facie showing of venue." *Cf. Mitrano*, 377 F.3d at 405 ("To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue."). If she cannot show "a substantial part of the events or omissions giving rise to" her negligence occurred in Albemarle County, then Charlottesville is not a proper venue and "the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Constr. Co.*, 571 U.S. at 56. Armfield asks the Court to transfer the case to Harrisonburg in lieu of dismissing it.

In evaluating "whether events or omissions are sufficiently substantial to support venue . . . , a court should not focus only on those matters that are in dispute or that directly led to the filing of the action. Rather, it should review the entire sequence of events [or omissions] underlying the claim." *Mitrano*, 377 F.3d at 405 (internal citations omitted). Importantly, however, the focus is on the events or omissions giving rise to the claim, and not on subsequent occurrences. 14D *Fed. Prac. & Proc. Juris.* § 3806. For claims alleging negligent medical care, like this one, courts look at the location(s) where the substandard care was given or received. *See, e.g.*, *Gore v. Air & Liquid Sys. Corp.*, No. 1:15cv465, 2016 WL 11580149, at *2 (M.D.N.C. June 21, 2016) (collecting cases); *Med. Prot. Co. v. Bolick*, No. 1:15cv58, 2015 WL 7301232, at *3 (W.D. Va. Nov. 18, 2015) (Dillon, J.).

II.    Background

A.    *Factual Background*[1]

---

[1] The following facts relevant to venue come from Behnam's Amended Complaint. They are accepted as true for the purposes of this Motion. *Cf. Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d

In 2023, Armfield worked for Defendant Foundation Radiology Group, P.C., to provide remote radiology services to Augusta Medical Center in Virginia. Am. Compl. ¶ 7. On August 6, 2023, Behnam sought treatment at Augusta Medical Center for abdominal pain, nausea, and vomiting. *Id.* ¶ 15. During her visit, she underwent a Computed Tomography ("CT") scan of her abdomen and pelvis. *Id.* ¶ 16. The same day, Armfield read Behnam's CT scan remotely from Pennsylvania. *Id.* ¶¶ 19–20; *accord* Defs.' Answer ¶ 20. He reported that the "scan showed 'no free air.'" Am. Compl. ¶ 24. Based on Armfield's interpretation of the scan, Behnam was discharged later the same day with medication for pain and nausea. *Id.* ¶ 26. Behnam alleges that her "CT scan showed free air in the abdomen" and there were "numerous instances of free air visible throughout" the images Armfield reviewed on August 6. *Id.* ¶¶ 22–23. Armfield's incorrect assessment presented a serious, life-threatening problem:

> [t]he presence of free air in the abdomen, identified on a CT scan, typically indicates a perforation in the gastrointestinal tract, such as the stomach or intestines. Free air in the abdomen is a medical emergency, as it suggests that air and potentially harmful contents from the digestive tract have escaped into the abdominal cavity, posing a significant risk of infection and sepsis. Prompt recognition and treatment are essential to prevent severe complications or death.

*Id.* ¶ 21. On August 9, 2023, Behnam returned to the Augusta Medical Center emergency department in debilitating pain. *Id.* ¶ 27. While there, she was diagnosed with "sigmoid perforation (perforated bowel) with feculent peritonitis, complicated by multi-organ system failure in the setting of septic shock, acute renal failure, acute heart failure . . . , acute hypoxemia respiratory failure, and thrombocytopenia." *Id.* ¶ 28 (parenthesis in original).

Behnam underwent several procedures at Augusta Medical Center over the next two weeks. *See id.* ¶¶ 29–34. On August 9, for example, she had "emergent exploratory laparotomy,

---

916, 925–26 (E.D. Va. 2017) (applying this standard on a Rule 12(b)(3) motion to dismiss for improper venue).

partial colectomy, omentectomy, appendectomy, mobilization of splenic flexure, and ABThera placement (a temporary abdominal closure system)." *Id*. ¶ 29 (parenthesis in original). On August 11, Behnam underwent "an abdominal washout and ABThera (wound vac) placement." *Id*. ¶ 30 (parenthesis in original). On August 12, she had "a damage control exploratory laparotomy, peritoneal washout, excisional debridement of extensive necrotic omentum, creation of an end colostomy, and closure of abdomen." *Id*. ¶ 31. On August 24, Behnam was transferred to University of Virginia Medical Center ("UVA") in Charlottesville, Virginia, for further treatment. *Id.* ¶ 32. Behnam was discharged from UVA to Charlottesville Health and Rehabilitation on September 27, 2023. She continued to receive in-patient treatment in Charlottesville until January 13, 2024. *Id.* ¶ 34. She then returned home to McGaheysville, Virginia. *Id.* ¶ 34.

B.   *Procedural Background*

In the Amended Complaint, Behnam asserts a single claim for negligence against Armfield. Am. Compl. ¶¶ 10, 40. She alleges that Armfield breached his duty of care by failing to properly interpret the CT scan, delaying her diagnosis and treatment, and forcing her to undergo additional procedures. *Id.* ¶¶ 40–46. In opposing transfer, Behnam argues that venue is proper in the Charlottesville Division because "a substantial part of the events or omissions giving rise to the claim took place" within the Charlotteville Division. Pl.'s Br. in Opp'n. at 2 (citing 28 U.S.C. § 1391(b)(2)). Armfield argues that the events and omissions that occurred in Albemarle County are insufficiently "substantial" for venue to lie in the Charlottesville Division.

The parties agree that Augusta Medical Center is located in the court's Harrisonburg Division. *See* Def.'s Br. in Supp., ECF No. 24, at 5; Pl.'s Br. in Opp'n, ECF No. 25, at 5; *see also* W.D. Va. Gen. R. 2(a)(4). The parties also agree that UVA and Charlottesville Health and

5

Rehabilitation are located in the Court's Charlottesville Division. *See* Def.'s Br. in Supp. at 6; Pl.'s Br. in Opp'n. at 3; *see also* W.D. Va. Gen. R. (2)(a)(2). Additionally, both parties initially relied on 28 U.S.C. § 1404 to support their venue arguments. Def.'s Mot. (citing 28 U.S.C. § 1404; W.D. Va. Gen. R. 2(b)); Def.'s Br. in Supp. 1 (same); Pl.'s Br. in Supp. 6 (citing § 1404(a)). That statute allows the court, "[f]or the convivence of the parties and witnesses, in the interest of justice, . . . [to] transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In response to Behnam's opposition brief, Armfield clarified that his "Motion to Transfer is not based on" § 1404(a). Def's Reply Br. 5.

### III.   Discussion

A.   *Sections 1391 & 1406 apply to this motion; section 1404 does not apply.*

Section 1391(b)(2) controls where venue lies in this case. Plaintiff primarily relies on § 1404—and cases interpreting it—for her assertion that transfer to Harrisonburg is unwarranted. Section 1404, however, "operates on the premise that the plaintiff has properly exercised his venue privilege." *Iannello v. Busch Ent. Corp.*, 300 F. Supp. 2d 400, 403 (E.D. Va. 2004). Put differently, § 1404 permits transfer to another venue if the venue is presently proper. *Atl. Marine Constr. Co.*, 571 U.S. at 60. To engage a § 1404 analysis, this Court would need to find—which it does not—that Charlottesville is a proper venue in the first instance. When, as here, the district court is "confronted with a case laying venue in the wrong district, [the court] is statutorily obligated to dismiss the case unless transferring the case to a district where the action could have been brought is in the interest of justice." *Waytes v. City of Charlottesville*, No. 97-2177, 1998 WL 458776, at *1 (4th Cir. Aug. 4, 1998) (citing 28 U.S.C. §§ 1391(b), 1406(a)). The statute

6

used to effectuate transfer of a case laying venue in the wrong division to an appropriate division is 28 U.S.C. § 1406. *Atl. Marine Constr. Co.*, 571 U.S. at 55.

B.  *Venue is not proper in the Charlottesville Division.*

Maintaining that venue is proper in the Charlottesville Division, Behnam focuses on the significant harm she felt after Armfield allegedly misread her CT scan on August 6, 2023. *See, e.g.,* Pl.'s Br. in Opp'n at 4 ("Ms. Behnam has spent approximately 4.5 months and $1.04 million under round-the-clock medical management in Charlottesville"). Behnam spent a substantial amount of time in Charlottesville receiving treatment for the injuries she sustained. Am. Compl. ¶¶ 32–34 (noting transfer to UVA Medical Center on August 24, 2023, and release from Charlottesville Health and Rehabilitation on January 13, 2024). However, "[o]nly the events giving rise to a claim may justify venue, not impacts felt by a plaintiff after an action accrues." *Oldham v. Penn. State Univ.*, 507 F. Supp. 3d 637, 646 (M.D.N.C. 2020) (collecting cases). District courts in this Circuit have rejected the proposition that venue will lie where a Plaintiff continues to experience damages resulting from the Defendant's negligent actions. *See, e.g.*, *Oldham*, 507 F. Supp. 3d at 645; *Taylor v. City & Cnty. of Honolulu*, No. 7:16cv410, 2017 WL 3526660, at *3 (E.D.N.C. Aug. 16, 2017) (in a suit alleging negligence for a bus accident that occurred in Honolulu, the fact that plaintiff received "medical care in North Carolina to treat an injury suffered in Hawaii [was] not sufficient basis to conclude that a substantial part of the events or omissions giving rise to the claim occurred in North Carolina"); *Ademiluyi v. Nat'l Bar Ass'n*, No. 8:15cv2947, 2016 WL 4705536, at *3 (D. Md. Sept. 8, 2016) ("Venue cannot lie simply because a plaintiff continues to experience the psychological effects of an injury in a particular place." (quoting *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 365 (5th Cir. 2008))); *Estate of Ramsey v. UPMC Shadyside*, No. 1:14cv40, 2014 WL 1794466, at *3–4

7

(N.D. W. Va. May 6, 2014) (in a negligence action where plaintiff "received the medical care at issue in Pittsburgh, Pennsylvania," the fact plaintiff was "transferred to a long-term care facility" in West Virginia did not make venue proper there). Other judges in this District have explained that, in the medical malpractice context, the "heart" of the case is the care given by the defendant-medical providers. *Med. Protective Co.*, 2015 WL 7301232, at *3 (Dillon, J.).

Here, neither Armfield nor Foundation Radiology administered any medical care to Behnam in the City of Charlottesville or Albemarle County. Accordingly, venue is not proper in the Charlottesville Division. *Cf. Corradi v. Kolls*, No. 4:22cv11, 2022 WL 4006928, at *8 (W.D. Va. Sept. 1, 2022) (denying a motion to transfer case to the Middle District of North Carolina under § 1404(a) in part because plaintiff's "cause of action arose from his treatment by Dr. Kolls at SOVAH Health Martinsville" in this district).

C.  *Venue is proper in the Harrisonburg Division.*

The next issue is whether this case can be transferred to Defendant's proposed Division, Harrisonburg. Because venue does not lie in Charlottesville, the Court must either dismiss the case or transfer to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a). To satisfy 1406(a)'s transfer requirements, the case must have been able to have been brought, in the first instance, in Harrisonburg under 28 U.S.C. § 1391(b)(2). Here, the allegedly tortious acts of Defendants occurred in the Harrisonburg Division. *See, e.g.*, Am. Compl. ¶¶ 7, 15, 19. Behnam's allegations against Defendants focus on Armfield's (virtual) services provided to her while she was at Augusta Medical Center. The event or omission that "allegedly entitle[s] the plaintiff" to recovery, *Mitrano*, 377 F.3d at 406, is Armfield's incorrect report to Augusta Medical Center staff that "Behnam's August 6th CT scan showed 'no free air,'" Am. Compl. ¶ 24, and his failure to notice that the scan in fact showed "numerous instances of free air" in her

8

abdomen, *see id.* ¶¶ 22–23. Behnam alleges that Armfield's improper reading of her CT scan caused her (a) incorrect diagnosis, (b) delayed proper diagnosis, (c) delayed proper treatment, and (d) not to receive the degree of medical skill and action required of physicians. Am. Compl. ¶ 41. Those consequences all flow from events or omissions that occurred at Augusta Medical Center on August 6, 2023. *See Med. Protective Co.*, 2015 WL 7301232, at *3; *Estate of Ramsey*, 2014 WL 1794466, at *3–4. Accordingly, venue is proper in the Harrisonburg Division.

IV.   Conclusion

For the reasons explained above, Defendant Armfield's motion to transfer venue, ECF No. 23, is herby **GRANTED** and this case is TRANSFERRED to the Harrisonburg Division.

The Clerk shall send a copy of this Memorandum Opinion & Order to the parties.

It is so ORDERED.

ENTER: December 10, 2025

Joel C. Hoppe
U.S. Magistrate Judge

9